## CHARLESTON.

TONEY RHODES *v.* MILLER POCAHONTAS COAL COMPANY

(No. 5939)

Submitted November 9, 1927.   Decided November 15, 1927.

MASTER AND SERVANT—*Employer, Deducting Weight Greater Than Empty Car From Loaded Car, Held Liable to Employee, Cutting Coal at Stipulated Price Per Ton (Code, c. 59, § 27).*

One employed under an oral contract to cut coal at a stipulated price per ton is entitled to wages for the actual tonnage

cut during said employment; and an employer, who, in ascertaining the tonnage so cut, deducts from each loaded car an arbitrary weight believed by the employee to be the true weight of the empty car, though actually in excess thereof, is liable to said employee for the difference between the amount actually paid the latter and the sum he should have received had the true weight of the car been deducted.

(Master and Servant, 39 C. J. §§ 235, 253.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Wyoming County.

Assumpsit by Toney Rhodes against the Miller Pocahontas Coal Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Toler & Shannon,* for plaintiff in error.

*R. E. Hughes* and *Grover C. Worrell,* for defendant in error.

WOODS, JUDGE:

Toney Rhodes instituted this action of assumpsit in the circuit court of Wyoming county for the purpose of recovering a balance alleged to be due him and his assignor, Bob Davis, for cutting and loading of coal for defendant from April, 1921, to April, 1924. The jury returned a verdict for plaintiff, and from a judgment entered thereon the defendant prosecutes this writ.

Plaintiff alleged, and the evidence shows, that the employment contracts between the parties were oral; that he and Davis were to be paid by the ton for all coal cut or loaded by them; that defendant company deducted from the gross weight of each loaded car the arbitrary weight of 2500 pounds as and for the empty weight of each mine car, which weight was materially in excess of the actual weight thereof; that he believed that the cars weighed 2500 pounds each until a few days before he stopped working for defendant.

While defendant seeks to defend on the ground of an existing custom, claiming that the plaintiff and his assignor

had acquiesced in the same, it admits, in its brief, that during the plaintiff's employment, to-wit, in April, 1921, it adopted a "new method" or basis of ascertaining and paying wages of employees engaged in the mining and loading of coal, and that thereafter plaintiff and his assignor were paid a certain price per net ton of 2000 pounds—the tonnage being ascertained by weighing each loaded car of coal on the scales and then deducting from the gross weight a fixed quantity of 2500 pounds.

Our statute provides: "A ton shall contain 2000 pounds." Code, Chapter 59, Sec. 27. And this became a material part of the oral contract, in the absence of a special agreement to the effect that a different mode for determining the wage had been agreed upon. No evidence of custom will be admitted to attach any other meaning to the word. *Buchanan* v. *Coal & Coke Company*, 98 W. Va. 470.

In view of the evidence, defendant's peremptory instruction, as well as the two embodying the theory of custom, in contravention of the statute, were properly refused. The trial court, however, did give defendant's instruction No. 3 (the only one given in the case), which was most favorable to the defendant. It told the jury that the burden was on the plaintiff to show by a preponderance of the evidence and to their satisfaction that the contract of employment between the plaintiff and Bob Davis and the defendant provided that the amount of coal cut by the plaintiff and Bob Davis was to be ascertained by deducting from the gross weight of each loaded car of coal the actual weight of the car, instead of deducting 2500 pounds in accordance with the general and prevailing custom. Under this instruction the jury found for the plaintiff.

Perceiving no reversible error in the rulings of the trial court, the judgment is

*Affirmed.*